U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 3 0 2011
CLERK, U.S. DISTRICT COURT
by _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WILLIAM RALPH BROOKS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:11-CV-269-A |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, William Ralph Brooks, a state prisoner who is currently on mandatory supervision release and residing in Fort Worth, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

### I. FACTUAL AND PROCEDURAL HISTORY

The state court records and documentary evidence presented by the parties reflect that on February 11, 1997, a jury found petitioner guilty of indecency with a child by contact occurring

on February 12, 1995, in the 297th District Court of Tarrant County, Texas, and assessed his punishment at 14 years' confinement. (State Habeas R. at 82) Petitioner was released by the Texas Board of Pardons and Paroles (the Board) to mandatory supervision on October 24, 2002, which was revoked on July 20, 2005, forfeiting 2-years, 7-months, and 9-days of calendar "street" time. (Resp't Ans, Ex. C) Petitioner was released by the Board to mandatory supervision again on October 27, 2008, and remains on supervised release. (Pet'r Mem. at 3)

In this petition, petitioner complains that, contrary to the law in effect when he committed the offense in 1995, and in violation of his due process rights, the Board "changed his offense from a non-violent offense . . . to a 'violent offense' [as defined by state law] on revocation of his mandatory supervision," resulting in the forfeiture of street time credits, thereby increasing his sentence, and the requirement that he register as a sex-offender for life. (Pet. at 6; Pet'r Mem. at 3-12; Pet'r Ans. at 2-3; State Habeas R. at 35) See TEX. CODE CRIM. PROC. ANN. arts. 62.001(6) & 62.101(a)(1) (Vernon 2006 & Supp. 2010); TEX. GOV'T CODE ANN. §§ 508.149(a)(5) & 508.283(b)-(c) (Vernon 2004).

Petitioner filed a state application for habeas relief

relevant to this action, which was denied without written order by the Texas Court of Criminal on the findings of the trial court. (State Habeas R. at cover, 71-74, 80A)

### III. Rule 5 Statement

Respondent asserts petitioner's claims, although exhausted, are time-barred. (Resp't Ans. 4-9)

### IV. Statute of Limitations

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (D), applicable to this case, petitioner should or could have discovered the factual predicate of his claim through due diligence when his mandatory supervision was revoked on July 20, 2005.[1] See Heiser v. Johnson, 263 F.3d 162, 2001 WL 803542, at *2 (5th Cir. 2001). Although at the time of the offense, indecency with a child required registration as a sex offender until "the person's 21st birthday" or "the person discharges parole or probation," state law was amended in 1997. Under the amended version, applicable "to a reportable conviction or adjudication occurring on or after September 1, 1970," the

---

[1] Petitioner asserts he acted diligently and that his perseverance led him to "The Texas House of Representatives through their 'House Research Organization-Session Focus of February 17, 1997.'" (Pet'r Ans. at 9) According to petitioner, he could not have learned of the factual predicate of his claim until June 7, 2010, when he received a copy of the document. (Pet'r Ans. at 12-13 & Ex. D) This argument is not persuasive.

4

offense became an offense requiring lifetime registration. (State Habeas R. at 72-73) Furthermore, the law applicable to petitioner's eligibility for street time in the event his mandatory supervision was revoked was amended in 2001 to include the offense as a § 508.149(a) offense. (*Id.* at 73-74) With due diligence, petitioner could have discovered the factual basis of his claim when his mandatory supervision was revoked, if not before. Therefore, his federal petition was due a year later on July 20, 2006, absent any applicable tolling.

Petitioner did not file his state habeas application raising his claim until December 14, 2010, long after the limitations period had expired. (State Habeas R. at 2) A state petition filed after the limitations period has already run, does not operate to toll the limitations period under § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has petitioner demonstrated sufficiently rare and exceptional circumstances that made it impossible for him to file a timely petition to warrant tolling as a matter of equity. *See Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, 2560 (2010).[2]

---

[2]Petitioner asserts the "extraordinary circumstance" in his case is the state's action of changing his "offense from a nonviolent offense to a violent offense." (Pet'r Ans. at 8)
(continued...)

5

Petitioner's petition was due on or before July 20, 2006, and his petition filed on April 21, 2011, is untimely.

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed with prejudice as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253©, for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED June _____, 2011.

/s/ John McBryde
JOHN McBRYDE
United States District Judge

---

²(...continued)
However, as previously noted, the "change" was effectuated by amendments to state law, of which petitioner should or could have discovered at the time his mandatory supervision was revoked, if not before.